IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00357-BNB

EARL CROWNHART,

    Plaintiff,

v.

G. HERNANDEZ,
JERRY GREEN,
VALERIE FILLIS,
ANTHONY A. DeCESARO, and
SGT. LAZONO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 29 2009

GREGORY C. LANGHAM
                    CLERK

---

## ORDER TO DISMISS IN PART AND TO ASSIGN CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Earl Crownhart, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. On February 10, 2009, Mr. Crownhart submitted a Prisoner Complaint asserting violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Subsequently, Mr. Crownhart filed various motions and pleadings in an attempt to amend the original Complaint. On March 24, 2009, Magistrate Judge Boyd N. Boland entered an order that instructed Mr. Crownhart that if he desired to amend the original Complaint he must submit an amended complaint on a Court-approved form. Mr. Crownhart filed a proper Amended Prisoner Complaint on April 6, 2009.

The Court must construe the Amended Complaint liberally because Mr. Crownhart is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. See *id.* For the reasons stated below, the Complaint and the action will be dismissed in part and drawn in part.

Mr. Crownhart asserts three claims. First, he alleges that his First Amendment rights were violated when Defendants G. Hernandez, Anthony DeCesaro, and Sgt. Lazono refused to credit his trust fund account for a radio that he purchased from the commissary but later returned. Second, Mr. Crownhart asserts that Defendant Jerry Green violated his Eighth Amendment rights when he denied him the ability to obtain dental treatment for six months, even though Mr. Crownhart suffered a toothache during the six months. Third, Mr. Crownhart asserts that his First Amendment right to legal access to the courts has been violated because Defendant Valerie Fillis continues to deny him copies of documents for filing with the court. Mr. Crownhart seeks injunctive relief and money damages.

With respect to the claims asserted against Defendants G. Hernandez, Jerry Green, Anthony A. DeCesaro, and Sgt. Lazono, the action will be assigned to District

Judge Marcia S. Krieger, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Kristin L. Mix.

To assert a claim for denial of access to the courts against Defendant Valerie Fillis, Plaintiff must plead and prove that he was actually impeded in his ability to conduct a particular case. *See Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353.

In *Casey*, the Supreme Court cited two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Casey*, 518 U.S. at 351. In addition, an inmate's efforts would be hindered when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.* Neither of the examples set forth in *Casey* are at issue in this case. Mr. Crownhart has been able to file at least nineteen cases in this Court over the past three years. Moreover, Mr. Crownhart has no constitutional right, per se, to photocopies. Therefore, Ms. Fillis and the claims asserted against her will be dismissed from the action.

The Court also notes that upon review of the Court's Docket, including Mr. Crownhart's nineteen previous cases, Mr. Crownhart has burdened the Court with both unnecessary and unintelligible motions or pleadings. Mr. Crownhart is instructed to refrain from filing such motions or pleadings. If necessary, the Court will either strike the motions or pleadings or place filing restrictions on Mr. Crownhart in addition to any 28 U.S.C. § 1915(g) restrictions. Accordingly, it is

ORDERED that Defendant Valerie Fillis and the claims asserted against her are dismissed from the action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendant Valerie Fillis from the docketing record as a party to this action. It is

FURTHER ORDERED that the claims asserted against remaining Defendants shall be assigned to District Judge Marcia S. Krieger, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Kristin L. Mix.

DATED at Denver, Colorado, this 28 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00357-BNB

Earl Crownhart
Prisoner No. 113771
San Carlos Corr. Facility
1410 W. 13th Street
PO Box 3
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/29/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk