IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00357-MJW-KLM

EARL CROWNHART,

Plaintiff,

v.

G. HERNANDEZ,
JERRY GREE,
ANTHONY A. DeCESARO, and
SGT. LAZONO,

Defendants.

---

**ORDER ON
(1) DEFENDANTS' MOTION TO DISMISS (Docket No. 44);
(2) PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT [sic] BY DEFAULT
PURSUANT TO FED. R. CIV. P. 6(C) (Docket No. 51); and
(3) PLAINTIFF'S MOTION FOR EIGHTH AMENDMENT SUMMARY JUDGEMENT
[sic] PURSANT [sic] TO FED. R. CIV. P. 56(d) (Docket No. 54)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court pursuant an Order Referring Case Pursuant to 28 U.S.C. § 636(c) issued by District Judge Marcia S. Krieger on July 7, 2009, upon the consent of all parties to the exercise of jurisdiction by a United States Magistrate Judge for all further proceedings in this case. (Docket No. 46).

The operative pleading is the pro se incarcerated plaintiff's First Amended Complaint, which is brought pursuant to 42 U.S.C. § 1983. (Docket No. 25). Now before the court are three dispositive motions, namely, defendants' Motion to Dismiss (Docket No. 44), plaintiff's Motion for Summary Judgement [sic] by Default Pursuant to

Fed. R. Civ. P. 6(c) (Docket No. 51), and plaintiff's Motion for Eighth Amendment Summary Judgement [sic] Pursant [sic] to Fed. R. Civ. P. 56(d) (Docket No. 54). Plaintiff did not file a response to the defendants' motion, and defendants filed a response to plaintiff's motions (Docket No. 55). The court has considered the motion papers, response, and applicable Federal Rules of Civil Procedure and case law. In addition, the court has taken judicial notice of the court's file. The court now being fully informed makes the following findings, conclusions, and order.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the Complaint as true and resolve all reasonable inferences in plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the Complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus,

3

the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S.Ct. at 1974).

Rule 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented

in the motion and response." Id. at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

Two of the three remaining claims concern allegations regarding plaintiff's inmate account. First, plaintiff complains that on July 7, 2008, he ordered a clock radio from

...
...

5

the canteen for $16.96, but it never arrived, and his inmate account was not credited the $16.96 purchase price. Plaintiff brings these allegations against defendants Hernandez and DeCesaro. Second, plaintiff complains that on March 16, 2009, Sergeant Lazono violated due process by sending canteen items plaintiff had ordered back to the canteen without plaintiff's knowledge, and allegedly his inmate account was not credited.

Construing plaintiff's claims as violations of due process, defendants assert that such claims fail to state a claim upon which relief can be granted. This court agrees. As defendants correctly state, a section 1983 action may be brought with regard to such claims only if the deprivation is caused by an intentional act done in accordance with established policy or procedure, in which case due process requires predeprivation notice and an opportunity to be heard, unless circumstances require immediate action. It is well settled, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, plaintiff has not alleged that defendants acted pursuant to policy or that their actions were otherwise authorized. See Gillihan v. Shillinger, 872 F.2d 935, 939 (10th Cir. 1989) ("Hudson deal[s] with random and unauthorized deprivations of property rather than deprivations according to some established state policy, procedure, or custom."). Furthermore, meaningful postdeprivations were available to the plaintiff. "The Supreme Court has indicated that adequate inmate grievance procedures alone may provide a meaningful postdeprivation remedy for purposes of procedural due process." Rosales v. Ortiz, 2008 WL 877173, *9 (D. Colo. Mar. 27, 2008) (citing Hudson, 468 U.S. at 536

n.15). Such grievance procedures are available within the Colorado Department of Corrections. See Administrative Regulation Number 850-04; Docket No. 44-2. While plaintiff alleges he did not obtain relief through the grievance process, defendants further correctly point out plaintiff could still seek relief in the state courts. See §§ 24-10-104 and 24-10-118, C.R.S. Therefore, plaintiff's claims concerning the commissary charges and purchases fail because adequate postdeprivation remedies existed to redress the alleged intentional deprivation of his prison account funds and commissary items. See Sawyer v. Green, 316 Fed. Appx. 715, *2 (10th Cir. June 20, 2008) (Inmate did not allege that meaningful postdeprivation remedy was unavailable, but in fact, he filed a grievance challenges transactions concerning his financial account at the jail. Even if the grievance was indeed ignored, he could seek relief in state courts.).

Furthermore, in an Affidavit attached to defendants' Response to plaintiff's summary judgment motions, defendant DeCesaro states, in pertinent part, the following. It was his finding with respect to the plaintiff's grievance regarding the radio that while plaintiff did order a clock radio on July 11, 2008, he did not have sufficient funds in his inmate account to cover the cost of the purchase. The purchase amount was never credited to his inmate account because the amount of the purchase was never deducted from his account due to the insufficient funds at the time of the purchase. (Docket No. 55-3 at 2, ¶¶ 10-12). With regard to the plaintiff's claim concerning the canteen purchase returned in March 2009, Sergeant Richard Lazono states the following in his Affidavit. When plaintiff's canteen order arrived on March 23, 2009, plaintiff was serving punitive segregation sanctions for a violation of the Code of Penal Discipline. Inmates in punitive segregation are permitted to have only hygiene items

and writing materials; food items are not allowed.  Plaintiff's canteen order contained food items, and therefore, the items were returned.  On March 25, 2009, plaintiff's inmate account was refunded in the amount of the purchased items.  (Docket No. 55-4 at 2, ¶¶ 5-11).  Plaintiff did not respond to these Affidavits which in essence state that plaintiff did not even suffer a deprivation of his prison account funds.  Therefore, there could be no due process violation.

Based upon the above, plaintiff's claims concerning his inmate account will be dismissed.

Plaintiff's remaining claim concerns alleged denial of dental care.  He alleges:

> On 1/02/09 Janury [sic] 2nd 2009 and 12/26/09 and 2/28/09 I simitted [sic] a kite requsting [sic] sick call.  **On 1/07/09 I was seen**.  As for 12/26/09 I **was not seen intill [sic] a month after** I put the kite in on 2/25/09.  I simitted [sic] another kite Jerry Green has denied me **another month** denying dental care.  To a person in need inflicts crule [sic] and usual [sic] punishment under the 8th Amendment . . . I waited (6) months in paid with a tooth-AKE [sic] which Jerry Green violated my legal right due process and failed to fix a tooth problem.  I grivanced [sic] dental again on 3/25/09 for makeing [sic] me wait **a month** and not seeing me from 2/25/09 to get a moler [sic] cleaned. . . .

(Docket No. 25 at 7) (emphasis added).

Defendants now seek dismissal of this claim, asserting that it fails to state a claim upon which relief can be granted.  This court agrees.  "[P]risoners have an Eighth Amendment right to adequate medical care . . . ."  Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001).  "In keeping with the principle that government officials are generally afforded wide latitude when fulfilling their discretionary functions, . . . however, in cases where prisoners allege that inadequate or delayed medical care violated their Eighth Amendment rights, it has been established that '[p]rison officials violate the

8

Eighth Amendment [only] when they are deliberately indifferent to the serious medical needs of prisoners in their custody.'" Id.   However, "a delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm."  Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005) (quotations omitted).

In this case, this court agrees with defendants that plaintiff's pleading fails to allege facts, which if proven, would support a finding that his need for dental treatment was a sufficiently serious medical need.  A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999).  Here, in plaintiff's pleading, he merely alleged that he had a toothache and that a molar needed to be cleaned.  These allegations are insufficient to meet the objective standard.  Moreover, plaintiff complains about various one-month delays, but he has made no allegation that such delays in providing him dental care caused him substantial harm.  The court thus finds that the plaintiff's Eighth Amendment claim concerning his dental care should be dismissed for failure to state a claim.

The court further finds that plaintiff's two summary judgment motions should be denied.  Plaintiff merely makes conclusory statements in those two motions, and based on those conclusory statements claims and the attachments to his motions, this court cannot find that the plaintiff is entitled to judgment as a matter of law.  In fact, as found above, plaintiff has failed to state a claim upon which relief can be granted.

9

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that defendants' Motion to Dismiss (Docket No. 44) is **granted**. Judgment shall enter in favor of the defendants and against the plaintiff on all claims. It is further

**ORDERED** that plaintiff's Motion for Summary Judgement [sic] by Default Pursuant to Fed. R. Civ. P. 6(c) (Docket No. 51) is **denied**. It is further

**ORDERED** that plaintiff's Motion for Eighth Amendment Summary Judgement [sic] Pursant [sic] to Fed. R. Civ. P. 56(d) (Docket No. 54) is **denied**.

Date:  October 9, 2009                              s/ Michael J. Watanabe
       Denver, Colorado                             Michael J. Watanabe
                                                    United States Magistrate Judge